IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GLEN DALE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 16-CV-3229-ODS |
| ) | Crim. Case No. 06-CR-3143-01-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER GRANTING PETITIONER'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Pending is Petitioner Glen Dale Williams's Motion to Correct Sentence under 28 U.S.C. § 2255. Doc. #1. Petitioner seeks to be resentenced pursuant to the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The Government concedes Petitioner is entitled to post-conviction relief, and the parties agree Petitioner, who was sentenced to 180 months' imprisonment and five years of supervised release, should be resentenced to time served and three years of supervised release. For the following reasons, the Court accepts the Government's concession, grants Petitioner's motion, vacates Petitioner's sentence, and resentences Petitioner to time served and three years of supervised release.

### I. BACKGROUND

Petitioner pleaded guilty to one count of being a felon in possession of a firearm. "In general, the law punishes [this crime] by up to 10 years' imprisonment. But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S. Ct. at 2555 (citing 18 U.S.C. § 922(g)). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that*

*presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B). The italicized portion of the definition constitutes the "residual clause."

During the sentencing hearing in August 2008, the Court found Petitioner had been convicted of assault, assault with a dangerous instrument, and unlawful use of a weapon. Consistent with Eighth Circuit precedent at the time, the Presentence Investigation Report ("PSR") concluded these convictions were crimes of violence, and Petitioner's sentence was enhanced pursuant to the ACCA. Petitioner was sentenced to a term of 180 months' imprisonment with five years of supervised release.

Petitioner seeks relief under 28 U.S.C. § 2255 and asks the Court to vacate his previous sentence of 180 months' imprisonment and five years of supervised release and resentence him without application of the ACCA. The Government concedes the issues raised in Petitioner's motion. Doc. #9.

## II. DISCUSSION
### A. Retroactivity of *Johnson*

*Johnson*'s holding that the residual clause is unconstitutional eliminated the Court's stated basis for applying the residual clause. In *Welch v. United States*, the Supreme Court determined *Johnson* applied retroactively. 136 S. Ct. 1257 (2016).

### B. Timeliness of Motion

The Court finds Petitioner's motion is timely because it is filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3).

### C. Unlawful Use of a Weapon and Assault Convictions

At sentencing, Petitioner's conviction for unlawful use of a weapon was considered a violent felony under the ACCA's residual clause. Petitioner asks the Court to resentence him because this conviction no longer qualifies as a violent felony. The Government agrees Petitioner's conviction for unlawful use of a weapon "can no longer be counted as a predicate offense under the ACCA." Doc. #5, at 4. The Court concludes that without the prior conviction for unlawful use of a weapon, Petitioner does not have the necessary predicate convictions to qualify him for sentencing under the

2

ACCA. Further, the parties agree two of Petitioner's three assault convictions should only count as one prior conviction for purposes of the ACCA because the incident giving rise to two convictions occurred on the same date and at the same time. Doc. #9.

Based on the foregoing, the Court concludes Petitioner's current sentence of 180 months' imprisonment with five years of supervised release must be reduced. The Court finds it is authorized to resentence Petitioner without further delay and without personal appearance. Fed. R. Crim. P. 43(c)(1)(B) (permitting a defendant to waive his right to appear at sentencing in a noncapital case by being "voluntarily absent").

The Court further finds, based upon the agreement of the parties, Petitioner should be resentenced to time served, and directs that an amended judgment to that effect be entered in Case No. 06-CR-3143-01-ODS, substituting "time served" as the term of imprisonment to replace the previously imposed 180-month imprisonment term, and substituting a three-year term of supervised release to replace the five years previously imposed, and retaining all the previously imposed conditions of release.

### III. CONCLUSION

For the reasons set forth above, the Court grants Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255, vacates Petitioner's previous sentence, and orders Petitioner be sentenced to time served with a period of three years of supervised release to follow.

IT IS SO ORDERED.

DATE: August 23, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT